JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2021 OCT -8  AM 9: 54
CLERK US DISTRICT
ESTERN DISTRICT OF TEXAS
BY ___BM___

| | |
|---|---|
| ERIK SALAIZ, § | |
| § | |
| Plaintiff, § | |
| § | EP21CV0249 |
| v. § | |
| § | |
| MATRIX FINANCIAL SERVICES, LLC, a § | |
| Texas Limited Liability Company § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff ERIK SALAIZ ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant MATRIX FINANCIAL SERVICES, LLC,("Matrix") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

### NATURE OF ACTION

2. Defendant offers services to businesses and consumers. As part of marketing their products and services, Defendant and their agents placed calls to Plaintiff's cell phone that used an automated telephone dialing system ("ATDS") and a prerecorded voice advertisement.

3. Defendant makes unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell vehicle service contracts (VSCs).

4. Defendant did not obtain consent from Plaintiff prior to calling his cell phone, and Defendant is therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendant has violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff ERIK SALAIZ ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

10. Defendant MATRIX FINANCIAL SERVICES, LLC ("Matrix") is a Limited Liability Company organized and existing under the laws of Texas and can be served via

registered agent United Corporate Services, INC 815 Brazos Street, Suite 500 Austin, Texas 78701.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

12. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

13. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

15. Defendant Matrix is a serial TCPA violator and has been sued on numerous occasions for repeated violations of the TCPA via prerecorded voice message sent to millions of consumers.

16. Defendant purposefully availed themselves of the forum state by specifically targeting Texas residents by using Texas area codes to trick consumers into thinking the calls were local.

17. On April 9, 2021, Plaintiff received a call on his cell phone (915) 540-5210 from defendant's phone number (210) 816-6611.

18. Plaintiff answered and heard an artificial or prerecorded voice message informing Plaintiff his "car warranty is about to expire" and to "press one to speak to a representative."

19. Plaintiff was not interested and disconnected the call.

20. On April 12, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (214) 289-5814.

21. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

22. Plaintiff was not interested and disconnected the call.

23. On May 7, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (402) 243-0922.

24. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

25. Plaintiff was not interested and disconnected the call.

26. On May 12, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (402) 246-6069.

27. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

28. Plaintiff was not interested and disconnected the call.

29. On June 30, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (346) 248-3917.

30. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

31. Plaintiff was annoyed and aggravated for receiving the same calls and "pressed one" to speak to a live representative.

32. The call was dropped while transferring.

33. On September 1, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (217) 747-7774.

34. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

35. Plaintiff was annoyed and aggravated for receiving the same calls and "pressed one" to speak to a live representative.

36. Plaintiff was greeted by a female representative with a thick heavy Asian accent and solicited plaintiff for a VSC.

37. Plaintiff did not need, or want, a VSC but agreed to purchase one in order to determine who was making the illegal robocalls to his personal cell phone.

38. The female representative stated that she was going to transfer plaintiff to "your licensed coverage specialist."

39. The call was then dropped when transferring.

40. On September 2, 2021, Plaintiff received a phone call on his cell phone (915) 540-2010 from defendants from phone number (214) 222-2998.

41. Plaintiff heard an artificial or prerecorded voice that said, "your car warranty is about to expire" and "press one to speak to a representative."

42. Plaintiff was annoyed and aggravated for receiving the same calls and "pressed one" to speak to a live representative.

43. Plaintiff was greeted by a female representative with a thick heavy Asian accent and solicited plaintiff for a VSC.

44. Plaintiff did not need, or want, a VSC but once again agreed to purchase one in order to determine who was making the illegal robocalls to his personal cell phone.

45. The female representative stated that she was going to transfer plaintiff to "your licensed coverage specialist."

46. Plaintiff was then greeted by a female representative Ashley a "licensed coverage specialist."

47. Ashley then collected plaintiff's personal and vehicle information.

48. Ashley then went over terms of the VSC and collected plaintiff's credit card information to process payment over the phone.

49. During the call plaintiff asked Ashley how they had his information and Ashley stated, "they buy the information from multiple different lead sources and then we send out the notification by mail when we don't hear back, they do give a courtesy call which is what this was."

50. Plaintiff received the VSC by mail which showed defendant Matrix as the Obligor, and Administrator.

51. Plaintiff is on the Do-Not-Call Registry

52. Table A displays the calls made by the defendant

| Date | Time | Caller ID |
| --- | --- | --- |
| 4/9/2021 | 6:49PM | 210-816-6611 |
| 4/12/2021 | 11:32AM | 214-289-5814 |
| 5/7/2021 | 11:52AM | 402-243-0922 |
| 5/12/2021 | 11:32AM | 402-246-6069 |
| 6/30/2021 | 3:30PM | 346-248-3917 |
| 9/1/2021 | 9:50AM | 217-747-7774 |
| 9/2/2021 | 8:30AM | 214-222-2998 |

53.

54. Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

55. Defendant and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their VSCs.

56. Defendant participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

57. Defendant has knowledge of and has adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendant receives that are available from the Better Business Bureau ("BBB"). The full scale of the complaints Defendant receives is not currently available to Plaintiff but will be revealed through discovery to amplify what is shown below.

58. Defendant refuses to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendant financially.

59. Plaintiff never consented to receive the calls alleged herein. Plaintiff had no relationship with Defendant prior to the calls alleged herein.

60. Defendant advertised their products by falsely informing the consumer that their warranty had expired and that Defendants' product would "extend" the original auto manufacturer's warranty coverage. The VSCs are not auto warranty extensions and do not provide auto warranty coverage. The VSCs are also with parties other than the original manufacturer of the vehicle and warrantors.

### The Texas Business and Commerce Code 305.053

61. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

62. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

### Violations of the Texas Business and Commerce Code § 302.101

63. The actions of the Defendant violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having registration certificate and bond on file with the Texas Secretary of State.

64. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
### AS A RESULT OF THE CALLS

65. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendant

and other similar companies.

66. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

67. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

## **FIRST CAUSE OF ACTION**

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. Defendant and/or their agents placed calls to Plaintiff's cellular telephone.

70. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with the Defendant.

71. Defendants' calls were made for purposes of advertising and marketing Defendants' VSCs. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

72. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

73. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful calling campaigns.

74. Not only did Defendant make these violating calls, Defendant and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

75. If the Court finds that the Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**
**(Against All Defendants)**

76. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

77. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

78. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

79. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of The Texas Business and Commerce Code 305.053

80. Plaintiff incorporates the foregoing allegations as if set forth herein.

81. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Salaiz cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendant violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an automated dialing system that does not comply with the technical and procedural standards under this subsection.

82. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

83. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**

## FOURTH CAUSE OF ACTION
### (Violations of The Texas Business and Commerce Code 302.101)

84. Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

85. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

86. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erik Salaiz prays for judgment against the defendant jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for seven calls.

E.    An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G.    An award to Mr. Salaiz of damages, as allowed by law under the TCPA;

H.    An award to Mr. Salaiz of interest, costs and attorneys' fees, as allowed by law and equity

I.    Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

October 8, 2021                    Respectfully Submitted,

Erik Salaiz
Plaintiff, Pro Se
319 Valley Fair Way
El Paso, Texas 79907
915-540-5210